W. A. KRUEGER CO., a Wisconsin Corporation, Plaintiff,

v.

OTTENHEIMER PUBLISHERS, INC., a Foreign Corporation, Defendant.

No. 78–C–322.

United States District Court, E. D. Wisconsin.

Sept. 26, 1978.

Foley & Lardner by James O. Huber, David A. Baker, Milwaukee, Wis., for plaintiff.

Jackson M. Bruce, Jr., David E. Jarvis of Quarles & Brady, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the defendant's motions to dismiss for want of personal jurisdiction or, in the alternative, to transfer venue of the case, and on the plaintiff's motion to enjoin the defendant from instituting or further prosecuting any action against the plaintiff concerning the subject matter of this action.

The plaintiff in this case, W. A. Krueger Company, is a Wisconsin corporation engaged in the printing and binding of books. The defendant, Ottenheimer Publishers, Inc., is a Maryland corporation engaged in the publishing of books. In 1975 and 1976, Ottenheimer entered into contract with Krueger whereby Krueger agreed to print and bind two books published by the defendant. On April 24, 1978, Krueger filed this action alleging damages from Ottenheimer's failure to pay for the services for which it had contracted.

## I. MOTION TO DISMISS FOR WANT OF PERSONAL JURISDICTION

The defendant has moved to dismiss this action pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, alleging that the court lacks personal jurisdiction over the defendant. To determine whether personal jurisdiction is proper in a diversity case such as this, the initial inquiry is whether the courts of Wisconsin have jurisdiction over the defendant pursuant to Wisconsin law. In the case at bar, the defendant allegedly contracted with the plaintiff for the latter to print books at its printing facilities in Wisconsin. These books were subsequently shipped from Wisconsin to customers of the defendant. Given these facts, the following provisions of § 801.05, Wis.Stats., arguably provide Wisconsin courts with personal jurisdiction over the defendant:

"(5) Local services, goods or contracts. In any action which:

"(a) Arises out of a promise, made anywhere to the plaintiff or to some 3rd party for the plaintiff's benefit, by the defendant to perform services within this state or to pay for services to be performed in this state by the plaintiff; or

"(b) Arises out of services actually performed for the plaintiff by the defendant within this state . . . if such performance within this state was authorized or ratified by the defendant; or

\*　　\*　　\*　　\*　　\*　　\*

"(d) Relates to goods, documents of title, or other things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction; . . ."

In *Nordberg Div. of Rex Chainbelt, Inc. v. Hudson Engineering Corp.*, 361 F.Supp. 903, 905 (E.D.Wis.1973), the court stated:

"The question remains whether these sections, as applied to defendant, violate constitutional standards of due process or, in other words, whether defendant's contacts with Wisconsin are so insignificant that subjecting defendant to suit here would offend traditional notions of fair play and substantial justice. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)."

The dimensions of due process in cases where the defendant's sole tie to the forum state arises from the single contract at issue were suggested by the Supreme Court's decision in *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). In *McGee*, the Court upheld jurisdiction over an out-of-state insurance company whose only contact with the forum state was the solicitation and sale of an insurance policy in the state and the out-of-state receipt of payments in connection with that policy. Although *McGee* involved a seller which solicited business in the forum state, I am not persuaded that due process requires a narrower scope of personal jurisdiction for a corporate buyer which negotiates and contracts to have work performed in the forum state.

Prior to the commencement of any work, Ottenheimer was informed that the printing and binding would be done in Wisconsin. The defendant subsequently signed a contract obligating Krueger to print and bind thousands of volumes in Wisconsin. The defendant's vice-president made at least two trips to Wisconsin for the purpose of inspecting the work being done for the defendant.

I believe that Ottenheimer's activity was of sufficient significance so that subjecting it to suit in Wisconsin does not "offend traditional notions of fair play and substan-tial justice." This conclusion is supported by the case of *Nordberg Div. of Rex Chainbelt, Inc. v. Hudson Engineering Corp.*, 361 F.Supp. 903 (E.D.Wis.1973), in which due process was found to be satisfied where personal jurisdiction was exercised over a defendant whose contacts with the state of Wisconsin were substantially similar to Ottenheimer's contacts with Wisconsin. *See also In-Flight Devices Corporation v. Van Dusen Air, Inc.*, 466 F.2d 220 (6th Cir. 1972). Therefore, Ottenheimer's motion to dismiss this action for want of personal jurisdiction will be denied.

## II. MOTIONS TO TRANSFER VENUE AND FOR A PRELIMINARY INJUNCTION

On April 24, 1978, Krueger filed the instant action in the circuit court for Milwaukee County seeking recovery based on a settlement agreement reached between the parties concerning books printed by Krueger for Ottenheimer. On May 22, 1978, Ottenheimer removed the case to this court, pursuant to 28 U.S.C. § 1441. On May 22, Ottenheimer also filed a complaint in the United States district court for the district of Maryland seeking to set aside the settlement agreement which is the basis of the instant action and also claiming damages for allegedly defective products.

Krueger, preferring to litigate these matters in Wisconsin, has moved to enjoin Ottenheimer from proceeding with its suit in the district court of Maryland or with any other action concerning the subject matter of this case. In support of its motion, it states, "[t]he prospect of simultaneous actions involving the same parties and the same subject matter pending in different courts is destructive of the orderly administration of justice and the desirable goal of judicial economy." Ottenheimer, preferring to litigate in Maryland, has moved that the venue of this case be transferred to the district court of Maryland. In support of its motion, Ottenheimer states that by transferring the case, "judicial time and resources can be conserved; . . ." Thus, it is clear that both parties would

prefer to litigate this case and the Maryland case in a single forum, but disagree as to what that forum should be.

In *Warshawsky & Co. v. Arcata National Corp.*, 552 F.2d 1257 (7th Cir. 1977), and *Martin v. Graybar Electric Co.*, 266 F.2d 202 (7th Cir. 1959), the court held that where a suit is filed subsequent to another suit in a different forum, the court in the first-filed action may enjoin the subsequent suit if the two suits involve the same parties and identical issues or if the action sought to be enjoined is a compulsory counterclaim to the first-filed action.

■ I believe that the claims made by Ottenheimer in its Maryland action are compulsory counterclaims to the claims made against Ottenheimer in this action, pursuant to Rule 13(a), Federal Rules of Civil Procedure. Rule 13(a) provides:

"(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

In *Warshawsky v. Arcata National Corp.*, 552 F.2d 1257 (7th Cir. 1977), the court said:

"Courts generally have agreed that the words 'transaction or occurrence' should be interpreted liberally in order to further the general policies of the federal rules and carry out the philosophy of Rule 13(a). The purpose of the rule is to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters. *Southern Construction Co., Inc. v. Pickard*, 371 U.S. 57, 60, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962)."

Ottenheimer's claims in the Maryland action and Krueger's claims in this action turn largely on the existence and construction of the alleged settlement agreement and arise out of essentially the same course of dealing. Therefore, I believe that Ottenheimer's claims are compulsory counterclaims to Krueger's claim in this action.

■ Ottenheimer has argued that its claims in the Maryland action fall under exception one to Rule 13(a) which provides that a party need not plead what would otherwise be a compulsory counterclaim if "at the time the action was commenced the claim was the subject of another pending action." Ottenheimer's contention is based on the following two facts. First, this case was originally filed in state court. Second, under Wisconsin civil procedure, there is no provision for compulsory counterclaims. I am not persuaded that Ottenheimer's claims in Maryland fall under exception one to Rule 13(a). At the time this action was commenced, no other action was pending. Furthermore, this case was removed from state court on the same day the Maryland action was filed, before any responsive pleading was due in this case. Therefore, I believe that Rule 13(a) does apply to Ottenheimer's claims in the Maryland action and that this court has the power to enjoin the prosecution of that action.

The conclusion that this court has the power to enjoin Ottenheimer's pursuit of its Maryland action does not necessarily determine whether an injunction should be granted. The goal underlying Rule 13(a), the prevention of a multiplicity of actions, could be realized either by transferring this action to Maryland or by enjoining the Maryland action and trying all claims in this court. In order to determine what course to follow, the convenience of the parties and witnesses and the overall interests of justice must be considered. 28 U.S.C. § 1404(a); *Warshawsky & Co. v. Arcata National Corp.*, supra at 1263.

■ Ottenheimer supports its motion for a change of venue by pointing to the fact that most of the witnesses it will call for this case reside in Maryland or outside of Maryland but in the eastern part of the United States. The defendant also argues that in order to present its case, it will rely on documentary evidence, most of which is located in Maryland and in other locations in the eastern part of the United States.

In response, Krueger contends that to present its case all the witnesses it will call reside in Wisconsin and will not be subject to process in the district of Maryland. Krueger also claims that the business records on which it will rely are all located in Wisconsin.

In *Martin v. Graybar Electric Company,* supra at 204, and *Warshawsky & Co. v. Arcata National Corp.,* supra at 1263, the court of appeals for this circuit expressed the view that where two actions arising out of the same transaction had been filed in different forums, "unless unusual circumstances warrant, the party filing later in time should be enjoined from further prosecution of his suit." It appears in this case that one of the parties and its witnesses will be inconvenienced whether this case remains in this district or is transferred to the district of Maryland. I believe that the inconvenience to the parties and witnesses will be approximately equal whether or not this case is transferred. I find that Ottenheimer has failed to overcome the weight due to Krueger's choice of forum because Krueger's action was filed first.

Therefore, Ottenheimer's motion to transfer venue of this case will be denied. In order to prevent multiple suits over essentially the same transactions, Krueger's motion preliminarily to enjoin Ottenheimer from pursuing its suit against Krueger in the district of Maryland will be granted. I find it unnecessary at this time to issue an order specifically enjoining Ottenheimer from instituting any other related suits against the plaintiff.

Therefore, IT IS ORDERED that the motions of the defendant to dismiss this action for want of personal jurisdiction or, in the alternative, to transfer venue of this case be and hereby are denied.

IT IS ALSO ORDERED that the motion of the plaintiff preliminarily to enjoin the defendant from further prosecuting the suit of Ottenheimer Publishers, Inc. against W. A. Krueger Co., presently pending in the United States district court for the district of Maryland, be and hereby is granted.

IT Is further ordered that the clerk of this court transmit a certified copy of this order to the clerk of court for the United States district court for the district of Maryland.