DONNKENNY, INC., Plaintiff,

v.

Murray NADLER, Cummings & Carroll, P. C., H. B. Carroll, Glenn O. Thornhill, Galax Apparel Corporation and D. K. Investors, Inc., Defendants.

No. 81 Civ. 6075(MP).

United States District Court,
S. D. New York.

Aug. 3, 1982.

Barrett, Smith, Schapiro, Simon & Armstrong by Gerald A. Novack, New York City, for plaintiff.

Olwine, Connelly, Chase, O'Donnell & Weyher by John L. O'Donnell, Peter Aron, New York City, for defendant (Thornhill).

## OPINION

MILTON POLLACK, District Judge.

Plaintiff Donnkenny has moved pursuant to Rule 12(f) Fed.R.Civ.P. for a) an order striking the Fifth Defense interposed by the defendant Thornhill which alleges that this action is barred as against defendant Thornhill by virtue of the compulsory counterclaim requirement in Rule 13(a); and b) staying defendant Thornhill's action against Donnkenny now pending in the United States District Court for the Western District of Virginia (Civ. No. 81–0354) insofar as that action seeks to have determined whether defendant Thornhill's employment contract with Donnkenny was breached by Donnkenny.

Defendant Thornhill cross-moves for an order pursuant to Rule 13 dismissing the claims herein against him for failure to assert them in the said Virginia lawsuit or alternatively staying this action until final disposition of that Virginia action or until such time as this Court can make appropriate res judicata or collateral estoppel rulings based on the outcome of the Virginia suit which is presently scheduled for trial on November 15, 1982.

For the reasons appearing hereafter, the plaintiff Donnkenny's motions will be denied and the defendant Thornhill's motions will be granted to the extent that all claims herein against defendant Thornhill are stayed until final disposition of the Virginia suit which will determine whether Donnkenny or Thornhill breached Thornhill's employment arrangements and contract with Donnkenny.

*The background of the litigations* *

Donnkenny owns and operates several sewing plants in the State of Virginia staffed with hundreds of employees. Thornhill, a Virginia resident, was employed under written contract made in 1978 to serve as Treasurer of Donnkenny for a term of five years. He was placed in charge and handled the day to day operations of Donnkenny's wholly-owned subsidiaries that operated manufacturing plants in Virginia. This arrangement grew out of the following corporate transaction.

In August 1978 Messrs. Oppenheimer & Co. arranged to purchase substantially all of the assets of Donnkenny ("Old Donnkenny"), a publicly held company engaged in the manufacture and sale of women's apparel. The purchase was consummated in November 1978. At the time of the acquisition, the defendants Thornhill and Nadler, together with members of their families, owned about 60 percent of the stock of Old Donnkenny. They were serving Old Donnkenny as Treasurer and President respectively and were directors as well. The acquisition of Old Donnkenny's assets took the form of a leveraged buy-out. The acquiring company, the plaintiff in this action, took over the Donnkenny name. The selling company, Old Donnkenny, became a closed-end investment company and changed its name to D. K. Investors, Inc., named as a defendant herein. The acquiring company, (now named Donnkenny, the plaintiff herein) continued the business and operations of Old Donnkenny. As part of the acquisition, it was agreed that the management of Old Donnkenny would continue to manage the day to day business of Donnkenny. Mr. Nadler was also given a separate five year employment agreement

---

* The recited background is based upon the affidavits in support of the respective motions and upon statements of counsel and does not constitute findings of fact.

with Donnkenny and additional perquisites and was named President and handled from New York City, particularly, the company's sales on a day to day basis.

Donnkenny's business apparently met financial reverses during the past few years of the economic downturn and by 1981 was in severe financial difficulty and began to seek new management to try to turn the company around. In August 1981 Mr. Nadler resigned as President and became a consultant to Donnkenny. One Al Paris, who had no prior connection with Donnkenny, was elected as the new President.

On August 31, 1981 Mr. Paris visited Donnkenny's Virginia facilities and met with Mr. Thornhill. That meeting precipitated the skein of lawsuits now pending. During that meeting Paris fired Thornhill for alleged insubordination, negligence and breach of fiduciary duties. Thornhill called the general counsel of Donnkenny in New York, apparently to get some word as to the authority of Paris or some other matter in connection with his dismissal. He was told that it would be looked into but by the second day thereafter no answer having been forthcoming Mr. Thornhill sued Donnkenny and named Paris as a co-defendant for breach of his employment contract and the inducement thereof. The contract had another two years to run involving salary remuneration of $240,000 plus other benefits. The suit was instituted in the state court of Virginia. Mr. Thornhill charged Donnkenny and Paris personally with "wilful and wrongful termination" of Mr. Thornhill in an "abusive, arrogant and insulting manner" and sought punitive damages against them based on Virginia's "insulting words" statute. (§ 8.01–45 Code of Virginia).

This coercive thrust was met within a month by a counter-thrust.

Donnkenny, claiming to have investigated Thornhill's stewardship after receiving notice of the Virginia lawsuit, responded with two legal steps about a month later. It planned simultaneously, to remove Thornhill's Virginia suit to the federal court on grounds of diversity and to commence this suit. However, this New York suit was timed to be filed one day earlier than the filing of the removal petition in Virginia. Thornhill was charged in this New York suit with breach of his employment duties and negligence in the management of Donnkenny and failure to disclose to the 1978 purchasers of Donnkenny's, assets alleged personal dealings of Thornhill during his employment with a family company which did subcontracting work for Donnkenny. The former management of Donnkenny was charged with aiding and abetting Thornhill and acting in conspiracy with him against the interest of Donnkenny. All were charged with violating the civil sections of the racketeering laws (RICO) [Section 1964(c) of Title 18 U.S.C. commonly known as the Racketeer Influenced and Corrupt Organization Act, 84 Stat. 941]. The coercive effect of that section may be seen in the fact that successful plaintiffs are entitled to treble damages and attorney's fees. Donnkenny's complaint alleges that defendants committed various state law breaches of fiduciary duty, waste of corporate assets, diversion of corporate opportunities and common-law fraud which give rise to RICO claims with the use of the mails and telephones. The damages claimed against Mr. Thornhill and the others assumed generous proportions, in the millions.

Meanwhile, the Virginia suit has been moving well along. There has been large scale documentary discovery, some twenty pretrial depositions, interrogatories that were answered and a trial date of November 15th has been set by the Virginia judge.

To add to the litigation fuel, on February 24, 1982 Donnkenny brought suit in the Federal Court for the Western District of Virginia against Thornhill and others for enticing employees of Donnkenny to quit their employment.

The strains between the parties are apparent and clear.

That brings us to the motions now in Court.

In his Fifth affirmative defense in the New York suit, Mr. Thornhill pleaded that Donnkenny's criticisms of Thornhill's conduct of his employment should have been alleged in its Answer to the First Virginia lawsuit and not having been asserted under the compulsory counter-claim rule, Rule 13(a), the claim asserted in New York is barred and the New York complaint of Thornhill's conduct of his employment should be dismissed.

Donnkenny counters with the contention that it filed the New York suit on October 1, 1981 and the Virginia claim did not become a federal suit until removal proceedings were effected on October 2, 1981. The Answer of Donnkenny in the Virginia federal court to the breach of employment claim by Thornhill was filed on October 9, and Thornhill was made a party to the New York suit by service of process only on October 26, 1981.

Thus, this spate of cases raises the question where the employee-employer disputes between the parties should be resolved, whether in Virginia where Thornhill sued Donnkenny, where the alleged breaches by Thornhill occurred and where Donnkenny's plants being managed by Thornhill are located, or in New York where Donnkenny brought the later suit against Thornhill and others.

Donnkenny has responded to interrogatories in the First Virginia Action as follows:

55. Describe in detail the basis of the allegation in Paragraph 9 of defendants' Answer that plaintiff was terminated from his employment for cause. ANSWER: Glenn Thornhill was terminated from his employment for several reasons:

a. Breach of fiduciary duties.

b. Insubordination.

c. Failure to adequately perform the duties as Treasurer.

d. Facts and circumstances which have been set forth in an action initiated by Donnkenny, Inc. and in which Glenn Thornhill is a party-defendant. The action is styled *Donnkenny, Inc. v. Murray Nadler, Cummings & Carroll,* *P. C., H. B. Carroll, Glenn O. Thornhill, Galax Apparel Corporation and D. K. Investors, Inc.* [This is the instant suit in this Court]

Rule 13(a) reads:

(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

Plainly the First Virginia lawsuit and this New York action arise out of the same contractual relationship and do not require for their adjudication the presence of third parties of whom the Court cannot acquire jurisdiction. The dispute on each side of each case relates to the alleged violation by Donnkenny of Mr. Thornhill's employment contract and the alleged misperformance by Mr. Thornhill of his employee obligations to Donnkenny.

Mr. Thornhill was the first to sue. His case in state court was removed to federal court on grounds of diversity jurisdiction. The commencement date of the state court suit remains the same for all purposes upon removal e.g., periods of limitation and pleadings. Rule 81(c) provides that the Federal Rules of Civil Procedure "apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal". The Answer of Donnkenny filed after removal was required to set up its defenses and compulsory counterclaims, if any, subject to the terms and exceptions of Rule 13.

In a removed action in which the defendant has not answered, he shall answer or present the other defenses or objections available to him under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of the summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longest. Rule 81(c) [in part].

Where, as here, the counterclaims arising out of the relationship and transactions of the parties could have been or should be by leave of court, if it can be obtained, set up in the first commenced suit, the Virginia action, the Court will stay its own later proceedings, *Ultronic Systems Corp. v. Ultronix, Inc.*, 217 F.Supp. 89 (D.Del.1963); *Leonard F. Fellman Co. v. Smith-Corona Marchant Inc.*, 27 F.R.D. 263 (D.C.Pa.1961); Wright and Miller, Federal Practice and Procedure, § 1418, n.62; *cf. W. A. Krueger Co. v. Ottenheimer Publishers, Inc.*, 458 F.Supp. 1082 (E.D.Wis.1978) (Court enjoined later proceedings in another jurisdiction); or alternatively the Court will dismiss the claims before it without prejudice to an application to the Virginia Court for leave to set up the claims as counterclaims by amendment to the Answer therein. *E. J. Korvette Co., Inc. v. The Parker Pen Company*, 17 F.R.D. 267 (S.D.N.Y.1955); *Jepco Corp. v. Greene*, 171 F.Supp. 66 (S.D.N.Y.1959). Such amendment, of course, lies wholly in the discretion of the Virginia Court. Rule 13(f) Fed.R.Civ.P.

The identity of the facts and issues in the two cases has been attested to by Donnkenny's counsel who has stated in his affidavit hereon that Donnkenny's defense to the Virginia suit is raised by the same facts as amount to a counterclaim to that suit. The affidavit states that:

> 6. . . . The *very same facts* that give rise to a claim for affirmative relief in this action constitute a *complete defense* to Mr. Thornhill's breach of contract claim in the Virginia federal action.

7. Most of the proof in this case will be identical with the proof in the Virginia federal action. . . . "Mr. Thornhill wrongly diverted millions of dollars of Donnkenny business to defendant Galax Apparel and other companies owned and controlled by Mr. Thornhill and members of his family. Donnkenny contends that the proof will show that throughout this period Mr. Thornhill also improperly utilized Donnkenny equipment and personnel for the benefit of the Thornhill family companies, all to the detriment of Donnkenny."

The other defendants named in the New York action are brought in by Donnkenny as alleged aiders and abettors and conspirators with Thornhill to conceal his alleged misconduct and disloyalty.

In the interests of justice and efficiency and balancing the conveniences of the parties and witnesses, the discord concerning Thornhill's employment favors trial in Virginia where all the required facts and primary parties are most readily accessible.

Accordingly, plaintiff's motions are denied and defendant Thornhill's motion for a stay of the claims against him asserted in this action is granted and the motion to dismiss those claims is denied, without prejudice to renewal for good cause shown.

SO ORDERED.