**John Reed PUMPELLY, Plaintiff,**

v.

**G. Bradford COOK, et al., Defendants.**

**Civ. A. No. 85–0414.**

United States District Court,
District of Columbia.

May 10, 1985.

William Daniel Sullivan, Melrod, Redman & Gartlan, Washington, D.C., for plaintiff.

Lee T. Ellis, Jr., Leonard H. Freiman, Baker & Hostetler, Washington, D.C., for defendants.

## MEMORANDUM

OBERDORFER, District Judge.

The plaintiff alleges that he is a shareholder in NTW, Inc., a retail tire sales concern. According to the complaint, the individual defendants fraudulently induced plaintiff to enter into a series of agreements by which he relinquished control over his shares of NTW. The plaintiff alleges common law fraud, securities fraud, breach of contract, and failure of consideration, and asks the Court to declare that the agreements in question are void.

Defendants point out that when the plaintiff's complaint was filed, the underlying dispute was already the subject of several court proceedings pending in the United States District Court for the Eastern District of Virginia, the Bankruptcy Court in that district, and the Court of Chancery for New Castle County, Delaware. Accordingly, the defendants move to dismiss on *forum non conveniens* grounds or, in the alternative, for transfer pursuant to 28 U.S.C. § 1404(a).

The plaintiff's complaint should have been filed as a compulsory counterclaim in *Shaw Bay Corporation v. Thomas F. Pumpelly, et al.,* Civil Action 85–0129–A (E.D.Va. February 1, 1985) (Exhibit D to Defendants' Motion to Dismiss) (hereinafter *"Shaw Bay"*). Accordingly, "to avoid unnecessary multiplication of litigation," *Columbia Plaza Corp. v. Security National Bank,* 525 F.2d 620, 629 (D.C.Cir. 1975) (footnote omitted), an accompanying order will dismiss the complaint without prejudice and grant the plaintiff leave to plead his claims in the action pending before the District Court for the Eastern District of Virginia. *See generally* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1418 (1971), and cases collected at note 63.

Rule 13(a) of the Federal Rules of Civil Procedure provides:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any

opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Shaw Bay's complaint in the Eastern District of Virginia was filed before this action was brought and names as a co-defendant the plaintiff in this case. The issue is whether plaintiff was required to plead, as a counterclaim in *Shaw Bay*, the complaint that is presently before this Court.

Plaintiff's complaint satisfies the first requirement of Rule 13(a) because it "arises out of the transaction or occurrence that is the subject matter of" Shaw Bay's claim in the Eastern District. Our Court of Appeals has admonished that "the term 'transaction' is to be construed generously to avoid the unnecessary expense inherent in multiplicious litigation." *Columbia Plaza Corp., supra,* at 625 (footnote omitted). There is clearly a "logical relationship" between *Shaw Bay* and the pending action. *See Moore v. New York Cotton Exchange,* 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926); *Cyprus Corp. v. Whitman,* 93 F.R.D. 598, 604 (S.D.N.Y.1982). This case and the Virginia case involve the same series of four agreements and the same cast of characters. Shaw Bay seeks damages against the plaintiff for breach of these agreements; in the action before this court, plaintiff asks to have the agreements declared void. In resisting Shaw Bay's contract claims, the plaintiff will presumably state as affirmative defenses his claims of fraud and failure of consideration. Fed.R.Civ.P. 8(e). The question of whether these agreements are valid or not will thus involve the same evidence that would be considered by this Court if plaintiff's claims were litigated here. The two courts involved could enter conflicting discovery orders with respect to the production of such evidence and could even enter irreconcilable judgments. *See Donaldson, Lufkin & Jenrette v. Los Angeles County,* .542 F.Supp. 1317, 1321 (S.D.N.Y.1982). The issues involved plainly arise from the same transaction and should therefore be litigated in the same forum.

The second element of Rule 13(a) is also satisfied because the plaintiff's counterclaim in *Shaw Bay* "does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Shaw Bay itself is named as a defendant in this action and is already before the court in the Eastern District. Moreover, defendants Cook, Strother and Crosby have agreed to the Virginia court's exercise of personal jurisdiction over them. Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss at 2 n. 1. Finally, defendant Ferris & Company, which is an escrow agent that has been joined solely to permit the enforcement of any restitution decreed by the Court, has offices in Virginia and is therefore subject to the personal jurisdiction of the federal court sitting in the Eastern District.

Since it is clear that the complaint in this action should have been pleaded as a compulsory counterclaim in *Shaw Bay*, the remaining question is how to go about consolidating the separate proceedings. The Court has four options: it could enjoin the Virginia action, stay the action pending before it, transfer the action to the Eastern District of Virginia, or dismiss the complaint with leave to file it as a compulsory counterclaim in the Virginia action. *See Columbia Plaza Corp., supra,* at 627 & n. 44.

There are two reasons why the Virginia proceedings should not be enjoined. First, neither party has requested such extraordinary relief. Second, even if they had, the equities favor an approach that would permit the entire dispute to be adjudicated in the Eastern District of Virginia. The Bankruptcy Court for that district already has before it NTW's Chapter 11 petition, as well as an adversary complaint filed by NTW against some of the defendants named in the action pending before this court. *See In re: NTW, Incorporated, et al.,* Cases 84–00867A, 84–00865A & 85–00866A (E.D.Va. June 28, 1984); *NTW, Incorporated, et al. v. Strother, et al.,* Ad-

versary Case No. 85–0038–A330 (E.D.Va. January 28, 1985) (Exhibit A to Defendants' Motion to Dismiss). The Eastern District thus has the essence of this dispute before it. Moreover, the convenience of the parties and witnesses requires that this action be heard in the Eastern District. Plaintiff is a resident of Virginia, and defendants have asked that this action be transferred to that forum. In short, the equities do not justify a departure from the general rule "that the forum where an action is filed first is accorded priority over subsequent actions arising out of the facts giving rise to the first filed action." *Donaldson, Lufkin & Jenrette, supra,* at 1320. Accordingly, it would be inappropriate for this Court to enjoin the Virginia proceeding.

Considerations of judicial economy, as well as the "first-filed" priority rule, counsel against the option of staying the action before this Court. Since the evidence to be adduced and the issues raised in the two suits are likely to be the same, and since the two complaints essentially represent two sides of the same argumentative coin, the fairest and most efficient course would be to permit the parties to litigate all aspects of the dispute in the forum in which the controversy was first raised.

The choice therefore narrows to one between transfer and dismissal without prejudice. In the final analysis, dismissal with leave to plead the complaint as a compulsory counterclaim is a better method than transfer for resolving the problem. Rule 13(a) demands only that a court be able to "acquire" jurisdiction over the parties named in the counterclaim. In contrast, transfer under 28 U.S.C. § 1404(a) might require consideration of the question of whether the Eastern District of Virginia is a venue in which the counterclaim "might have been brought." *See Hoffman v. Blaski,* 363 U.S. 335, 342–43, 80 S.Ct. 1084, 1088–89, 4 L.Ed.2d 1254 (1960); *Relf v. Gasch,* 511 F.2d 804, 807 (D.C.Cir.1975).

The defendants in this action either have minimum contacts with Virginia or have consented to the personal jurisdiction of the Virginia court. *See* page 239 *supra.* If, after dismissal of this complaint, plaintiff files an equivalent counterclaim in the Virginia action, he can invoke Rule 13(h) to join as counterdefendants all of the defendants named in this action. *See Cyprus Corp., supra,* at 603 n. 2.* Therefore, that court can invoke Rule 13(h) to "acquire" jurisdiction within the meaning of Rule 13(a) over those parties when they are named as counterdefendants.

In view of the foregoing, the Court need not decide the abstract issues raised by defendants' request for a transfer. It is clear that dismissal of this action offers the most effective way to consolidate the separate aspects of this dispute. Accordingly, an accompanying order will dismiss the plaintiff's complaint without prejudice and with leave to plead the complaint as a counterclaim before the District Court for the Eastern District of Virginia. *See Donaldson, Lufkin & Jenrette, supra; Cyprus Corporation, supra; E.J. Korvette Co. v. Parker Pen Co.,* 17 F.R.D. 267, 269 (S.D.N.Y.1965); 6 C. Wright & A. Miller, *supra.*

---

\* Fed.R.Civ.P. 13(h) provides:
  Joinder of Additional Parties. Persons other than those made parties to the original action may be made parties to a counterclaim or cross claim in accordance with Rules 19 and 20.