DIRECTORY INTERNATIONAL, INC.,
Debtor–in–Possession, Plaintiff,

v.

The BATES MANUFACTURING
COMPANY, Defendant.

Civ. A. No. CA3–88–1552–D.

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 20, 1988.

Richard A. Dean and Patricia M. Reed of Arter, Hadden & Witts, Dallas, Tex., for plaintiff.

Douglas S. Lang and Patricia Hummel Seifert of Gardere & Wynne, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

The instant motion to dismiss, stay, or transfer this action requires the court to interpret the jurisdictional mandate of 28 U.S.C. § 1334(d) and to determine whether Fed.R.Civ.P. 13(a) commands that the instant suit be prosecuted as a counterclaim to a prior-filed action pending in another district.

### I.

Defendant, The Bates Manufacturing Company ("Bates"), filed suit against plaintiff, Directory International, Inc. ("Directory"), in the U.S. District Court for the District of New Jersey. Bates sought from Directory the contract amount allegedly owed for unpaid shipments of a product known as list finders. Thereafter, Directory filed a voluntary chapter 11 petition in the U.S. Bankruptcy Court for the Northern District of Texas. Following the filing of the chapter 11 petition, Directory brought the instant suit in this court. Directory seeks to recover from Bates damages allegedly incurred in connection with Directory's purchase of the list finders. Directory alleges causes of action for breach of contract, fraud, violation of the Texas Deceptive Trade Practices—Consumer Protection Act, and breach of warranty.

Bates moves to dismiss the present action or, in the alternative, to stay the action or transfer venue to the New Jersey district court. Relying upon Rule 13(a), Bates contends the present action is a compulsory counterclaim to its action against Directory pending in New Jersey and therefore should be dismissed, stayed, or transferred.[1]

Directory posits that because it has filed a chapter 11 petition in the Northern Dis-

---

1. Alternatively, Bates moves to transfer the action pursuant to 28 U.S.C. §§ 1404(a) and 1406. Because the court concludes that this civil action should be dismissed pursuant to Rule 13(a), the court does not reach these alternative grounds.

trict of Texas, this court has exclusive jurisdiction over its lawsuit against Bates pursuant to 28 U.S.C. § 1334(d).

## II.

### A.

The court considers first whether 28 U.S.C. § 1334(d) vests this court with exclusive jurisdiction over Directory's claim against Bates.[2] If it does, of course, it matters not that Directory's civil action may constitute a compulsory counterclaim to Bates' New Jersey action.

Section 1334(d) provides:

The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.

Directory's action against Bates is "property" of the Directory estate because it is a legal or equitable interest in property. *See* 11 U.S.C. § 541(a)(1); *Cyrak v. Poynor*, 80 B.R. 75, 79 (N.D.Tex.1987) ("Section 541(a)(1) generally provides that the property of a bankruptcy estate consists of 'all legal or equitable interests of the debtor in property as of the commencement of the case.' ").[3] Moreover, a trustee in bankruptcy specifically accedes to all property of the debtor.[4] This property includes any causes of action of the debtor. *See, e.g., Miller v. Shallowford*, 767 F.2d 1556, 1559 (11th Cir. 1985) (bankruptcy trustee accedes to all causes of action held by debtor at time of bankruptcy petition, including actions aris-

ing under contract); *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1350 (9th Cir. 1982) (trustee can sue other parties for failure to perform contract to debtor); *Management Investors v. United Mine Workers of America*, 610 F.2d 384, 391 (6th Cir.1979) (tort claims were property vested in the trustee); *In re Richards*, 57 B.R. 662, 663 (D.Nev.1986) (property of estate includes personal injury cause of action held by the debtor when bankruptcy petition filed). Directory argues that because its action against Bates is property of the Directory bankruptcy estate, this court, where the bankruptcy case is pending, has exclusive jurisdiction. The court disagrees.

Section 1334(d) must be interpreted together with §§ 1334(a) and (b). *See Zemurray Foundation v. United States*, 687 F.2d 97, 102 (5th Cir.1982) (statutory meaning not derived from one sentence or section, but from provisions of whole law). Sections 1334(a) and (b) provide:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

---

**2.** Section 1334 provides that the district courts have jurisdiction in title 11 cases. 28 U.S.C. § 151 designates the bankruptcy judges of this court as a unit of the district court known as the bankruptcy court. Pursuant to 28 U.S.C. § 157(a), the district court is empowered to refer to the bankruptcy judges for the district "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11...." This court has accomplished this reference by N.D. Tex. Misc. Order No. 33 (August 3, 1984) *reprinted in* Texas Rules of Court (Federal) (West Pamp.1988) at 141.

Bates argues that the court should dismiss this action because it was automatically referred to the bankruptcy unit of this court pursuant to Misc.Order No. 33. If this court were to hold

that it possesses exclusive jurisdiction over Directory's lawsuit, it would then decide whether the action should be referred to the bankruptcy unit pursuant to N.D.Tex.Misc.Order No. 33 and, if referred, whether the order of reference should be withdrawn. Because the court holds that the action must be dismissed, the court does not reach these considerations.

**3.** Directory had not instituted the present action as of the date it filed for chapter 11 protection. It nevertheless had at least an equitable interest in a claim against Bates, however, because its right of recovery, if any, had accrued prior to the date it filed for relief.

**4.** That Directory is a debtor-in-possession does not render these cases inapposite.

Sections 1334(a) and (b) are specific statutory provisions that modify the general force of § 1334(d). *See First Bank of Oak Park v. Avenue Bank & Trust Co.*, 605 F.2d 372, 375 (7th Cir.1979) (cardinal rule of statutory construction that the more specific controls the more general). According to § 1334(a), the district courts have original and exclusive jurisdiction of all cases under title 11. The present action clearly is not a title 11 case, which "is nothing more than the actual [bankruptcy] petition whose filing gives rise to subsequent proceedings." *Holloway v. HECI Exploration Co. Employees' Profit Sharing Plan*, 76 B.R. 563, 567–68 (N.D.Tex. 1987), *appeal docketed*. Section 1334(b) provides that the district courts have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to a case under title 11. The parties do not dispute that the present action is a non-core, related proceeding.[5] The court thus concludes that § 1334(b) applies, and confers on this court original but not exclusive jurisdiction over Directory's action.

The meaning of "original but not exclusive jurisdiction" is further illuminated by an examination of the legislative history of the Bankruptcy Amendments and Federal Judgeship Act of 1984, which brought about the current § 1334. Among other things, Congress intended by the Act to ameliorate the constitutional deficiencies that the Supreme Court found in the Code in *Northern Pipeline Construction Co. v.*

*Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (plurality opinion). *See* Statement of Rep. Rodino, 130 Cong.Rec. H 7489 (daily ed. June 29, 1984), *reprinted in* 1984 U.S.Code Cong. & Ad.News 576. One infirmity concerned the authority of non-article III courts to adjudicate state law claims. In the 1984 amendments, Congress revamped the bankruptcy and district court jurisdictional provisions so as not impermissibly to trammel the authority of state courts to adjudicate state claims that involve title 11 debtors. *See* Statement of Sen. Dole, 130 Cong.Rec. S 8889 (daily ed. June 29, 1984), *reprinted in* 1984 U.S.Code Cong. & Ad.News 586. Accordingly, § 1334(b) necessarily provides only for original, but not exclusive, jurisdiction in the U.S. District Courts in order to be consistent with § 1334(c)[6], the state law abstention provision. The same non-exclusivity in § 1334(b) that permits state courts to litigate state claims—notwithstanding the language of §§ 1334(a) and (d)—allows district courts other than the one in which the title 11 case is filed to adjudicate actions.[7] Senator Dole remarked, for example, that "where abstention does not occur, [personal injury] cases will be handled by the district court where the bankruptcy has been filed or, if that court finds it appropriate, where the claim arose." 1984 U.S. Code Cong. & Ad.News at 587. This statement of legislative intent buttresses the language of § 1334(b) that, in a non-core, related action, the jurisdiction of the district court for the district where the title 11

5. To be a core proceeding "an action must have as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment." *Holloway v. HECI Exploration Co. Employees' Profit Sharing Plan*, 76 B.R. 563, 568 (N.D.Tex. 1987), *appeal docketed* (citing cases).

6. Section 1334(c):
(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or aris-

ing in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

7. The court assumes that in personam jurisdiction and venue are otherwise proper.

case is commenced or pending is not exclusive.

### B.

■ The court next determines whether Directory's civil action in this court is a compulsory counterclaim to the New Jersey action. The court holds that it is.

Rule 13(a) provides, in part:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Directory's present action is a compulsory counterclaim to Bates' New Jersey suit because Directory's claims all arise out of the same transaction or occurrence that is the subject matter of the New Jersey suit. Although neither party appears to dispute this application of Rule 13(a) to the instant facts, they do disagree whether Rule 13(a) commands that Directory prosecute the claim in New Jersey.

The failure to bring a compulsory counterclaim in a suit will bar the attempt to bring it in a subsequent suit. *Crutcher v. Aetna Life Insurance Co.*, 746 F.2d 1076, 1080 (5th Cir.1984); *see Southern Construction Co., Inc. v. Pickard*, 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 (1972). The Supreme Court explained in *Southern* that the underlying purpose for Rule 13(a) is

to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters. The Rule was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint.

*Id.* (Citations omitted).

When a compulsory counterclaim is brought as an independent action while the first action is still pending, the proper response is to dismiss, enjoin, or stay the second action. 6 C. Wright & A. Miller, Federal Practice and Procedure §§ 1409 & 1418 (1971); *see Pumpelly v. Cook*, 106 F.R.D. 238, 239 (D.D.C.1985); *Donnkenny, Inc. v. Nadler*, 544 F.Supp. 166, 170 (S.D. N.Y.1982). Rule 13(a) provides that two actions which are part of the same controversy should be resolved in a single forum, and sound judicial administration counsels against separate proceedings and the wasteful expenditure of energy and money incidental to separate litigation of identical issues. *Columbia Plaza Corp. v. Security National Bank*, 525 F.2d 620, 626 (D.C.Cir. 1975). Federal district courts thus often dismiss, stay, or enjoin the second action filed. *See, e.g., Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County*, 542 F.Supp. 1317, 1321 (S.D.N.Y.1982) (second action dismissed); *Pumpelly*, 106 F.R.D. at 240 (second action dismissed without prejudice to filing as counterclaim in first suit); *Donnkenny*, 544 F.Supp. at 170 (court has choice and can stay or dismiss second commenced suit); *Seattle Totems Hockey Club v. National Hockey League*, 652 F.2d 852, 854 (9th Cir.1981), *cert. denied*, 457 U.S. 1105, 102 S.Ct. 2902, 73 L.Ed.2d 1313 (1982) (court has power to enjoin party from bringing compulsory counterclaim as subsequent federal action). Directory's cause of action in the present suit is a compulsory counterclaim to the earlier-filed New Jersey action. Rule 13(a) compels the resolution of the claims in the New Jersey district court.

### III.

Having decided that the court does not have exclusive jurisdiction and that the instant action is a compulsory counterclaim to Bates' New Jersey action, the court must decide whether to dismiss, stay, or transfer the action. In the non-bankruptcy context, this court typically transfers rather than dismisses an action. Here, however, the New Jersey court has administratively closed the Bates action due to Directory's chapter 11 filing. The court thus concludes that it should dismiss the present

action without prejudice. An appropriate judgment will be filed today.

SO ORDERED.