**NEW ENGLAND MACHINERY, INC., Plaintiff,**

v.

**CONAGRA PET PRODUCTS COMPANY, Defendant.**

No. 93–388–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

July 27, 1993.

Steven J. Chase, Abel, Band, Russell, Collier, Pitchford & Gordon, Chartered, Sarasota, FL, for plaintiff.

Jeffry R. Jontz, Holland & Knight, Orlando, FL, Robert J. Bothe, McGrath, North, Mullin & Kratz, P.C., Omaha, NE, for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS; FOR TRANSFER, OR STAY

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendant's motion to dismiss, for transfer, or stay. Plaintiff has entered a response to Defendant's motion.

### BACKGROUND

Plaintiff, New England Machinery, Inc. ("NEM"), originally brought this action against Defendant, Conagra Pet Products Company ("Conagra"), on February 11, 1993, in the Circuit Court for the Twelfth Judicial Circuit of Florida in and for Manatee County under a breach of contract action. Defendant, on the same day, February 11, 1993, filed an action against Plaintiff in the United States District Court for the Eastern District of Virginia regarding the same cause of action as the Florida action. On March 8, 1993, pursuant to 28 U.S.C. § 1441 *et seq.*, Defendant removed Plaintiff's action to this Court in a timely manner. At the present time, the companion Virginia action is pending. Defendant has filed, in this Court, a motion to dismiss, for transfer, or stay to which Plaintiff has responded and is the subject of this order.

### ANALYSIS

Defendant, in its "Motion to Dismiss, for Transfer, or Stay," asks this Court to: 1) dismiss this action without prejudice in favor of Defendant's pending suit in the Eastern District of Virginia and allow Plaintiff to file this action as a counterclaim; 2) transfer this action to the Eastern District of Virginia for consolidation with Defendant's pending suit; or 3) stay this action pending an outcome of Defendant's lawsuit in the Eastern District of Virginia.

This Court agrees with Defendant that the Eastern District of Virginia presents the better forum for this action. For the reasons stated below, therefore, this Court transfers this action, pursuant to 28 U.S.C. § 1404(a), to the Eastern District of Virginia.

■ The present case provides the unusual situation where two parties have filed actions regarding the same transactions on the same date in competing forums. Rule 13(a), Fed.R.Civ.P. states:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

The purpose of Rule 13(a) is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Southern Const. Co. v. United States ex rel. Pickard,* 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31, 34 (1962). In order to prevent these multiple actions, it is a general rule that a district court may dismiss, transfer, or stay an action so that the issues presented "can be resolved [first] in [the] earlier filed action pending in another district court." *West Gulf Maritime Ass'n v. ILA Deep Sea Local,* 751 F.2d 721, 729 (1985). In addition, courts have recognized that the "first-filed rule" should not be mechanically applied, but rather, courts should also give consideration to factors and circumstances which may affect the competing forums. Because the instant action and the Virginia action were filed on the same date, the Court cannot accurately determine which action was filed first. Therefore, to reach its decision, this Court must examine the facts and circumstances specific to this present action.

In requesting that this Court dismiss the instant case, Defendant cites *Pumpelly v. Cook* for the proposition that "dismissal of this action offers the most effective way to consolidate the separate aspects of this dis-

pute." *Pumpelly v. Cook*, 106 F.R.D. 238, 240 (D.D.C.1985). This Court disagrees with Defendant that this action should be dismissed. In the instant case, contrary to *Pumpelly*, no issue exists as to "whether the Eastern District of Virginia is a venue in which [Plaintiff properly may bring] the counterclaim." *Pumpelly*, 106 F.R.D. at 240. As a result the two cases are distinguishable.

■ As a second alternative, Defendant suggests that the Court should stay the instant action pending the determination of Defendant's action in the Eastern District of Virginia. This option, however, is the least effective means of ameliorating the problem of identical suits in competing jurisdictions. Judicial economy is an extremely important consideration. Because the instant case and the Virginia action are likely to present the same issues, evidence, and arguments, the most efficient course would be for the parties to litigate all aspects of their dispute in one forum, the Eastern District of Virginia.

This Court does agree with Defendant, however, that the instant action should be consolidated with the action pending in the Eastern District of Virginia, and therefore, will transfer this suit to that jurisdiction. While jurisdiction does exist in this forum, 28 U.S.C. § 1404(a) permits courts to transfer a case for the convenience of the parties, convenience of the witnesses, and in the interest of justice. In determining whether Defendant's requested transfer will be in the interests of justice and for the convenience of the parties and witnesses, this Court must "strike a balance on convenience between those elements which weigh in favor of transferring ... and those which favor allowing plaintiff's choice of forum to stand undisturbed." *Umbriac v. American Snacks, Inc.*, 388 F.Supp. 265, 269 (E.D.Pa.1975).

"Section 1404 is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22, 31 (1988) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)).

■ In determining Defendant's motion for transfer, the Court must give considerable weight Plaintiff's choice of forum. *Intergraph Corp. v. Stottler, Stagg & Assocs.*, 595 F.Supp. 976, 978 (N.D.Ala.1984). Only if Plaintiff's choice of forum is clearly outweighed by the considerations of convenience, cost, judicial economy, and expeditious discovery and trial process, should this Court disregard Plaintiff's choice and transfer this action to the Eastern District of Virginia.

■ This Court, in examining Defendant's motion to transfer, must weigh "in the balance, a number of case-specific factors." *Stewart*, 487 U.S. at 29, 108 S.Ct. at 2244. In order to determine whether transfer is proper, this Court may apply the "weight of the contacts test" pursuant to *Farmers Bank of the State of Delaware v. Bell Mortgage Corp*, 452 F.Supp. 1278 (D.Del.1978). The elements of the test are: convenience of the parties, convenience of the witnesses, interests of justice, access to sources of proof, availability of process to compel attendance, costs of obtaining willing witnesses, where the action will be tried more expeditiously and inexpensively, and other similar factors. *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y.1967). The movant has the burden to make a "clear showing that the proposed transferee district is a more convenient one, and that the interests of justice would be better served by a trial there." *Schneider*, 265 F.Supp. at 263.

■ Defendant asserts the following factual arguments in favor of transferring this action to the Eastern District of Virginia:

1. **Virginia presents a better forum because there, the action can be tried more expeditiously and inexpensively.** The Court agrees with Defendant's argument. The Eastern District of Virginia has implemented the "rocket docket" under which a case will be tried within 180 days from the date of filing. It is uncertain, however, when this case will be able to go to trial in this Court due to the overcrowded nature of the trial docket in this Court. The Court follows Defendant's assertion that

these factors favor Virginia as the better forum for this dispute.

**2. Virginia is the proper forum for this action because the negotiations forming the contract between the parties occurred in Virginia, and Virginia is the jurisdiction in which performance of the contract should have been completed.** The Court agrees with Defendant that Virginia is the proper forum for resolution of this dispute. Matters concerning the execution, interpretation, and the validity of a contract are determined by the place where the contract was made, while those matters concerning performance are regulated by the law of the place of performance. *Central Chemical Co. v. Avril, Inc.*, 392 F.2d 289 (5th Cir.1968).

Plaintiff, conversely, asserts factual arguments in support of its position that this action should not be transferred to the Eastern District of Virginia for consolidation with the companion case pending in that jurisdiction. Plaintiff's arguments are as follows:

**1. Preliminary jurisdictional issues exist in the Virginia action which will require substantial time, money, and effort to resolve.** Plaintiff's argument that it may not be subject to personal jurisdiction and service of process in the Eastern District of Virginia has already been decided by that Court. The district court, in its order dated May, 20, 1993, denied NEM's (Plaintiff in the instant action) motion to stay proceedings, or in the alternative transfer venue to this Court. Thus, the District Court for the Eastern District of Virginia has asserted personal jurisdiction over NEM.

**2. Defendant ignores certain factors in balancing interests and equities such as availability of witnesses, location of relevant physical and documentary evidence, and the financial hardship if Plaintiff were required to litigate in Virginia.** The Court finds Plaintiff incorrect in its assertion. Defendant raises the majority of these issues in its brief in support of Defendant's motion to dismiss; for transfer, or stay. Regarding Plaintiff's witnesses, Plaintiff will be required to bring witnesses in from various states re-gardless of whether this action is tried in Florida or Virginia. In addition, the Court finds Plaintiff's argument regarding financial hardship to be irrelevant because it is apparent that Plaintiff is already immersed in litigation of this dispute in Virginia.

**3. The limit on the number of depositions allowed in the Eastern District of Virginia will prejudice Plaintiff in defending and asserting claims in the Virginia action.** The Court recognizes the existence of Local Rule 11.1 of the United States District Court for the Eastern District of Virginia and that this rule may, at most, cause an inconvenience for Plaintiff. This Court, however, does not agree with Plaintiff that this local rule will prejudice Plaintiff. This local rule limits the number of nonparty depositions for *both* parties, not just Plaintiff. Both parties therefore, may be equally inconvenienced.

In sum, the Court in **GRANTING** Defendant's motion for transfer has considered all of the circumstances of the case, including the interest of the litigants and the public interests. The Court concludes that the Defendant, as the moving party, has met its burden of proof required for the requested transfer of venue so that this case may be consolidated with the companion case already pending in the Eastern District of Virginia. Accordingly it is

**ORDERED** that Defendant's motion to dismiss, for transfer, or stay is **GRANTED** insofar as Defendant's motion for transfer pursuant to 28 U.S.C. § 1404(a). This cause of action is hereby **transferred** to the United States District Court for the Eastern District of Virginia for consolidation with the pending action in that jurisdiction. The clerk of this Court is directed to **transfer** this cause of action to the United States District Court for the Eastern District of Virginia, Richmond Division.

**DONE and ORDERED.**