**LOCKHEED MARTIN CORPORATION, Plaintiff,**

v.

**L-3 COMMUNICATIONS CORPORATION and L-3 Communications Integrated Systems, L.P., Defendants.**

**No. CIV.A. 105CV902CAP.**

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 17, 2005.

Audra Ann Dial, James Francis Bogan, III, William Henry Boice, Kilpatrick Stockton, Atlanta, GA, Terry L. Elling, Thomas J. Madden, Venable, LLP, Washington, DC, for Plaintiff.

Harold H. Walker, Jr., Rose-Walker, LLP, Dallas, TX, Russell Patrick Beets, Todd Edward Jones, Powell Goldstein LLP, Atlanta, GA, for Defendants.

## ORDER

PANNELL, District Judge.

This matter is now before the court on Lockheed Martin Corporation's ("Lockheed") motion for permanent injunction against prosecution of the duplicative Texas action [Doc. No. 4]; L–3 Communications Corporation and L–3 Communications Integrated Systems, L.P.'s (collectively "L–3") motion to dismiss or, alternatively, to transfer or stay [Doc. No. 13]; and Lockheed's motion for leave to file a sur-reply and declarations responding to new evidence [Doc. No. 33].

As an initial matter, the court GRANTS Lockheed's motion for leave to file a sur-reply and declarations responding to new evidence [Doc. No. 33]. All declarations, affidavits, and correspondence submitted the parties were read and considered by this court.

On April 4, 2005, the parties filed competing lawsuits: the instant suit and one in Dallas, Texas. *See L–3 Communications Corp., et al. v. Lockheed Martin Corp.*, Civil Action No. 3:05–CV–647 (N.D. Tex. 2005). The resolution of the current motions will determine in which venue the action proceeds. The Texas district court has stayed its action pending a ruling on the motions filed in this court. *See* Order of May 12, 2005, *L–3 Communications Corp.*, Civil Action No. 3:05–CV–647 at Doc. No. 12.

At the time the motion for permanent injunction was filed, the parties had not ascertained which action was filed earlier in the day on April 4, 2005. In its response to the motion for permanent injunction, however, L–3 acknowledges that the instant action was filed a few hours earlier than the Texas action. *See* Defs.' Br. in Supp. of Their Resp. to Pl.'s Mot. to Enjoin at 4 [Doc. No. 14]. Generally,

when parties have filed competing or parallel litigation in separate federal courts, the court in which the case was first filed should hear the case. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir.1982). This rule applies in the Eleventh Circuit as well as in the Fifth Circuit. *Id.; Sutter Corp. v. P & P Industries, Inc.,* 125 F.3d 914, 917 (5th Cir.1997). The first-filed rule requires the first court to decide whether the first-filed rule should apply, or whether a narrow exception to the rule that only applies in "compelling circumstances" favors transfer of the first-filed case to the second court for consolidation. *Haydu,* 675 F.2d at 1174.

■ This court recognizes that the first-filed rule should not be mechanically applied, especially in light of the fact that the two actions at issue here were filed on the same date, merely hours apart. *See New England Machinery, Inc. v. Conagra Pet Products Co.,* 827 F.Supp. 732 (M.D.Fla. 1993). Thus, it would be appropriate to depart from the general rule if there is a showing that the balance of convenience tips in favor of the second forum or that there are special circumstances which justify giving priority to the second action. *Carl v. Republic Sec. Bank,* No. 018981, 2002 WL 32167730, at *3 (S.D.Fla.2002). Courts have held that one compelling circumstance in favor of departure from the first-filed rule is where one party, on notice of a potential lawsuit, races to the courthouse to file an action in its home forum. *Id.*

Each party argues that the other, in anticipation of a suit being filed against it, raced to file first in their respective home forums.[1] Also, each party contends that its selected forum is the more convenient: Lockheed asserts that rosters of witnesses and voluminous documentary evidence are located in Georgia, while L–3 makes the same assertions in favor of Texas. In analyzing the competing evidence offered by the parties on these factors, the court finds nothing to tip the balance in favor of either forum. Thus, the court finds no compelling circumstance to justify departure from the first-filed rule.

Furthermore, it appears that the instant action is the substantive lawsuit while the Texas action is essentially a declaratory suit.[2] Lockheed argues that in the instant action, it is the "true plaintiff" asserting affirmative violations of its intellectual property and contractual rights. Lockheed further contends that in the Texas suit L–3 is merely asserting affirmative defenses to Lockheed's claims. The court agrees.

Because the instant action was the first filed, albeit by only hours, and because the instant action is the substantive law suit as opposed to a declaratory action with derivative claims, this court is the proper forum

---

1. Both parties have set forth correspondence, affidavits, and declarations of in-house counsel and company officers that lead this court to conclude that both companies were threatening to file suit as their ongoing dispute escalated. Despite both parties hurling allegations of trickery and half-truths on the other regarding who first conceived of and communicated the idea of commencing legal action, there is no credible, conclusive evidence that allows the court to conclude with certainty which side was the first to do so.

2. The court has reviewed the complaint and amended complaint filed in the Texas action. *L–3 Communications Corp.,* Civil Action No. 3:05–CV–647 at Doc. Nos. 1 and 4. While L–3 is asserting a breach of contract claim and a corporate libel claim in addition to seeking declaratory relief, these affirmative claims depend entirely upon the outcome of the declaratory portion of the suit.

for this litigation. Accordingly, Lockheed's motion for permanent injunction against prosecution of the duplicative Texas action [Doc. No. 4] is GRANTED, and L–3's motion to dismiss or alternatively to transfer or stay [Doc. No. 13] is DENIED.